**George A. SCHLOEGEL, Plaintiff,**

v.

**Laurie BOSWELL, Defendant.**

**Civ. A. No. S89–0330(R).**

United States District Court,
S.D. Mississippi, S.D.

Nov. 30, 1990.

William V. Westbrook, III, White & Morse, Gulfport, Miss., for plaintiff.

James O. Dukes, L. Christopher Breard, Gulfport, Miss., for defendant.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on a Motion by the defendant, Laurie Boswell, to Dismiss the plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6). The motion specifically asserts that the claims are barred by the statute of limitations as set out in 29 U.S.C. § 1113.

### Facts

The plaintiff, George A. Schloegel (hereinafter "Schloegel"), filed a complaint in this Court on May 9, 1989, alleging diversity jurisdiction and a federal question claim arising under the Employee Retirement Income Security Act of of 1974 (hereinafter "ERISA") as set out in 29 U.S.C. § 1001, *et seq.*

Simultaneous with the subject Motion to Dismiss filed on April 20, 1990, the defendant, Laurie Boswell, also filed a Motion for Leave to File a Third–Party Complaint, and on May 4, 1990, the plaintiff, Schloegel, moved to amend the original complaint and for joinder of additional parties. Both motions were granted; however, only Schloegel and Boswell have formally briefed the subject Motion to Dismiss.

The following pertinent facts are alleged in the original complaint and for the purpose of the subject motion will be taken as favorable to Schloegel.

At all relevant times the plaintiff, Schloegel, was a resident of Harrison County, Mississippi. Mr. Schloegel has also been employed as an executive vice-president of Hancock Bank (hereinafter "Bank"), a Mississippi banking corporation.

The Hancock Bank Profit Sharing Plan (hereinafter "The Plan") is an employee benefit plan maintained by the Bank and Schloegel was a participant in the Plan. The Plan is a qualified "pension and profit sharing plan" within the meaning of 29 U.S.C. § 1002(2)(A).

At all relevant times the defendant, Boswell, a resident of the State of Louisiana, was licensed as an insurance agent by the State of Mississippi.

In 1977, in her capacity as a paid insurance consultant to the Bank, Boswell proposed to the plaintiff, Schloegel, that it would be beneficial for Schloegel to apply the accumulated balance of his profit sharing account under the Plan to purchase an ordinary life insurance policy. The policy, as recommended and selected by Boswell, was procured from New England Life Insurance Company on or about August 21, 1977, and remained in effect until 1980.

In 1980, Boswell recommended that the New England Life policy be replaced by an ordinary life policy issued by Massachusetts Mutual Life Insurance Company. The new policy was issued on December 17, 1980. This policy remained in full force and effect until 1987; with all premiums being paid out of the balance of Schloegel's profit sharing account as had been done under the previous policy.

The plaintiff alleges that at all time relevant to this action, the applicable federal income tax regulations were such that adverse tax consequences resulted from the purchases recommended by the defendant; however, the plaintiff did not become aware of these consequences until 1987.

The plaintiff further alleges that Boswell, as a reasonably prudent insurance consultant, specifically should have ascertained the aggregate amount of employer contributions allocated to Schloegel's profit sharing account so that the premiums for the amount of insurance purchased on the basis of Boswell's advice would not result in a loss.

In conclusion, the plaintiff alleges that Boswell's negligence, if any, led to the plaintiff's cancellation of the policy in order to avoid further loss and as a result that Schloegel's profit sharing account suffered a net loss of $43,453.00.

Discussion

As it is clear and uncontested that Boswell was at all times pertinent a "fiduciary" under ERISA, the parties focus their arguments upon the application of the statute of limitations set out in 29 U.S.C. § 1113.

The potentially applicable provisions of 29 U.S.C. § 1113, as set out in the plaintiff's brief in opposition to the motion, are as follows:

(a) No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation ... or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

Without authority, the defendant initially urges this Court to find that as the purchase of the policies occurred in 1977 and in 1980, under § 1113(a)(1)(A) the plaintiff's claims, if any, became time barred in 1983 and 1986, respectively.

In opposition to the Motion to Dismiss the plaintiff presents two alternative arguments, to-wit:

(1) Each payment of premium on the life insurance policy was a continuing breach of the Defendant's fiduciary duty, and the final premium payment in 1986 was the 'last action which constituted a part

of the breach' and was within the six-year limitation period under ERISA.

(2) Each purchase of insurance and each subsequent payment of premium constituted a separate breach, and the limitations period began to run as of the date thereof. Thus, only those breaches occurring more than six years prior to the commencement of this action by the Plaintiff are time-barred.

Although neither side cites this Court to any case on all fours, the plaintiff cites *Davidson v. Cook*, 567 F.Supp. 225 (E.D. Va.1983), which this Court finds strongly analogous to the case *sub judice*.

*Davidson* involved loans made by the trustees from the assets of an ERISA plan which were alleged to have constituted a breach of fiduciary duty. The original and supplemental loans were made in 1975 and the final disbursement was made in March of 1976. The complaint by the fund participants was filed in October of 1981.

Addressing the lending trustees' contention that the action was time barred by 29 U.S.C. § 1113, the *Davidson* court stated:

The basic six-year period runs from the date of the 'last action which constituted part of the breach or violation.' With regard to the allegations involving the original loan and the supplemental loan, the last action was the last disbursement of funds pursuant to the loans, in March 1976. Plaintiff's action filed October 19, 1981 clearly is not barred by the basic six-year limitation provision.

*Id.* at 234.

The defendant argues that *Davidson* does not apply to the case at bar in that the plaintiff's claims were held to be barred under the 3 year limitation as set out in § 1113(a)(2)(A) and that it is further distinguishable since it involved disbursement of monies "under the compulsion of a binding contractual obligation as opposed to the plaintiff's voluntary annual payment of insurance premiums."

In response to the defendant's observation, this Court notes that no assertion of actual or constructive knowledge by the plaintiff herein has been made and this Court incorporates only that portion of the *Davidson* opinion which is applicable to the facts alleged.

As to the distinction between disbursements under a loan agreement and premium payments under an insurance contract, this Court views both as essential parts of a contractual arrangement which in either case are expected to be complied with, lest the underlying agreements fail.

It is this Court's conclusion that, viewing the facts most favorable to the non-moving party for the singular purpose of deciding the merits of the defendant's Motion to Dismiss, the final premium payment in 1986 was the "last action" which constituted a part of the breach, if any, and is within the six-year limitation period under 29 U.S.C. § 1113.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to Dismiss is hereby DENIED.

SO ORDERED AND ADJUDGED.